FILED

FEB 8 - 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 07-0812 DLJ |
| Plaintiff, | DETENTION ORDER |
| v. | |
| RANDALL THAYER, | |
| Defendant. | |

The Court conducted detention hearings in this matter on January 17, 2008, and on February 8th, 2008. After considering all proffered information, the Court found, on clear and convincing evidence, that there are no terms and conditions on which Mr. Thayer could be released pending trial that would reasonably assure the safety of the community. The Court must, therefore, ORDER MR. THAYER DETAINED.

The Grand Jury has indicted Mr. Thayer on two counts of transporting child pornography and one count of possessing child pornography – all charges that create a presumption (rebuttable) that if he were released he would pose a danger to the community. It is not insignificant, for present purposes, that these three counts span a period of about one year – the earliest of the alleged offences having been committed in March of 2006 and the most recent having been committed in April of

1

2007. Thus there is reason to believe that the offense conduct was not isolated or wholly aberrational – but, instead, reflects a problem of appreciable duration and tenacity.

Federal agents conducted a search of Mr. Thayer's home in April of 2007. The computer that was seized contained some 1,500 images of child pornography, some of which included depictions of what the agents characterized as "sadistic penetration" of pre-pubescent boys and girls. Agents also discovered more than 100 videos of child pornography on Mr. Thayer's computer.

While conducting the search, agents asked Mr. Thayer if, in addition to the material in his computer, there was any other child pornography in his home. He said no. As the search continued, however, agents found two boxes full of computer diskettes that contained images of children engaged in sexually explicit conduct. Agents also found a pair of boy's underwear in Mr. Thayer's home.

Before the authorities conducted the search just described, a federal agent, working in an undercover capacity, had communicated through an internet "chat" room with Mr. Thayer. In one of these "chats," Mr. Thayer reported that at some point in the past he had stolen the underwear of the young daughter of his adult girlfriend and then had masturbated into it as he stood over her bed while she slept. Defense counsel suggested that this story was a mere fantasy – and the government has not presented evidence that Mr. Thayer actually engaged in such conduct. Given all the circumstances set forth in this Order, however, the content of this story, even if fictional, makes it more difficult for the Court to have the level of confidence in Mr. Thayer's self-control that is essential to pretrial release.

A Pretrial Services officer recently interviewed Mr. Thayer. During that interview Mr. Thayer denied that he had used any illicit substances during the past 30 years. He now admits that that statement was untrue. This admission is likely the product of two facts: during the search of his home last April, agents found small

amounts of cocaine and methamphetamine – and when confronted with this discovery at the time of the search, Mr. Thayer admitted to the agents that he had recently used these drugs for 'recreational' purposes. It strikes the Court as unlikely that Mr. Thayer would have forgotten, when he was interviewed last month by Pretrial Services, that he had used these two drugs some 8 months ago and had admitted doing so to federal agents. A more likely inference is that he lied to the Pretrial Services officer.

Two additional, albeit less obvious, sources of concern about Mr. Thayer's veracity arise out of his interview with Pretrial Services. He did not disclose to the interviewing officer that he has an adult son who was born while Mr. Thayer was in high school – and he did not mention that he has an equitable interest in an undeveloped piece of property in Arizona. Standing alone, these omissions would be of little consequence. They do not stand alone.

A matter of more direct and obvious consequence is Mr. Thayer's apparent failure to answer truthfully a very pertinent question that agents posed to him last April during a polygraph examination. The examiner asked Mr. Thayer if he had ever molested a child. Mr. Thayer denied ever having done so – but, according to the examiner, that answer was a deception.

Stepping back, the Court is confronted with three separate sources of serious concern about the defendant's mental health and his ability to control himself and to comply with court orders. One such source is the nature of the indicted offenses – and the fact that they are alleged to have occurred over a substantial period and to have involved such an extensive amount of material. The conduct of which Mr. Thayer is accused is not the conduct of a healthy mind or an emotionally stable personality.

The second source of concern is the defendant's now admitted use of cocaine and methamphetamine.

The third set of concerns is rooted in what appear to be lies that Mr. Thayer told to investigating agents and to the interviewing Pretrial Services Officer: lies about whether there was any additional child pornography in his house (when there was a great deal more), about whether he has ever molested a minor, about his drug use, about how many children he has fathered, and about property in which he has an interest. While some of his erroneous statements may be explainable and may not be the product of intentional deception, viewed in the aggregate, these misstatements do substantial damage to Mr. Thayer's credibility and to the Court's confidence in his reliability.

Given all the considerations described above, and given the power over emotions and actions that can be exercised by the kind of illness or addiction that seems to afflict persons who engage in the conduct charged in the indictment, the Court is constrained to conclude that there are no terms and conditions on which Mr. Thayer could be released that would provide reasonable assurance that, if not in custody, he would be able to resist the temptation to seek access to child pornography.

It follows that the Court must ORDER MR. THAYER DETAINED.

IT IS SO ORDERED.

Dated: 2/8/08

WAYNE D. BRAZIL
United States Magistrate Judge

Copies to:

All parties (via ECF)
WDB, Stats, Pretrial, Frances, 2 certified copies to Marshal

file: Thayer detention order