**FEDERAL PUBLIC DEFENDER**
NORTHERN DISTRICT OF CALIFORNIA
555 - 12TH STREET
SUITE 650
OAKLAND, CA 94607-3627

**BARRY J. PORTMAN**
*Federal Public Defender*

Telephone (510) 637-3500
Fax (510) 637-3507

March 20, 2008

Honorable Wayne D. Brazil
United States Magistrate Court
1301 Clay Street
Oakland, CA 94612

    Re:    <u>United States v. Randall Thayer</u>
            CR 07-00812 DLJ

Your Honor:

    I am writing to request that Mr. Thayer's case be calendared for the duty calendar at 10:00 a.m. on Monday, March 24, 2008 for a motion to reconsider this Court's February 8, 2008 Order detaining Mr. Thayer. AUSA Chinhayi Coleman is available on that date.

    I was intending to appeal the Court's order detaining Mr. Thayer, but upon reviewing the Court's written order, and after conducting further investigation, I believe that there are further factual and legal issues that the Court should consider, as I believe that such information should change the Court's determination, or, at the very least, be considered before the order is appealed.

    In order to give the Court and the government advance notice of the issues I will raise on March 24, some of which I have already discussed with the government, I will list those issues in this letter. To the extent that it would be helpful to have any of these issues briefed, or to the extent that the government needs additional time to obtain the information that the defense requests about other defendants comparable to Mr. Thayer, the defense would ask the Court to set a schedule for such matters on March 24. As the Court's February 8, 2008 Order identified a number of factors that in combination justified the detention, I believe that reconsideration of several of these factors should alter the Court's final determination.

    1.    The Court's Order relied on the results of a polygraph administered by an agent on Mr. Thayer, in which the examiner concluded that Mr. Thayer lied when he said that he had never molested a child. Order, page 2. The defense's position is that it is inappropriate for this Court to rely on a polygraph result, about which the defense believes it may not have complete discovery in any event, in light of Ninth Circuit precedent, specifically *United States v. Cordoba*, 194 F.3d 1053 (9th Cir. 1999). While the Ninth Circuit does not have a per se rule barring the admission of polygraph tests, the fact that courts do not allow the admission of

Wayne D. Brazil
March 20, 2008
Page 2

        such tests, and most importantly, the reasons that courts do not allow juries to hear such evidence, are relevant to this Court's consideration.

2.       The Court's Order relied on the fact that agents found a boy's underwear in Mr. Thayer's home. Order, page 2. Mr. Thayer's son, Alex, has now reviewed the photographs, and will come to court to attest that the underwear belonged to him and that the drawer in which they were found contained old clothes belonging to him. Alex would also like to address the Court about his experience of living with his father, and his conversations with his friends about his father's behavior towards them over the years.

3.       The Court's Order relied on the fact that Mr. Thayer did not admit to Pretrial Services that he had used illicit substances a handful of times over the past twenty years. Order, page 2. (The Order says 30 years, but this appears to be a typographical error). Undersigned counsel has learned that Mr. Thayer denied use of substances in light of highly irregular and improper "advice" given to him by agents searching his home, which Mr. Thayer will explain to the Court at the hearing.

4.       Finally, in its Order, the Court relied on the fact that Mr. Thayer possessed images of "sadistic penetration" of pre-pubescent boys and girls and a large number of videos. Order, page 2. The defense believes that this is completely typical of cases of this nature, but cannot demonstrate this without the cooperation of the government. Thus, the defense asks that the government disclose to the Court what percentage of its cases involve such "sadistic penetration" of pre-pubescent boys and girls, and what percentage of cases prosecuting persons for possessing and transporting child pornography involve defendants who have been detained.

        Through information gathered through informal channels, undersigned counsel believes that almost every person facing these charges in this district who is represented by the Federal Defender has been released from custody, save two clients out of the Oakland office, one of whom did not seek release. Undersigned counsel is also personally aware that many of these cases (and potentially most) in which defendants have been released involve "sadistic penetration" of pre-pubescent boys and girls – in fact, the legal standard is that any penetration (even slight) of pre-pubescent boys and girls is by definition "sadistic." Undersigned counsel does not want to put other clients of this office in the inappropriate position of being compared to Mr. Thayer, since it is not these clients' fault that they are all represented by the same office. However, the government should be able to inform this court of what percentage of people it is prosecuting are alleged

Wayne D. Brazil
March 20, 2008
Page 3

to have possessed "sadistic penetration" of pre-pubescent boys and girls, and what percentage of cases involve a number of images or videos that give them the maximum guideline enhancement (save the possibility of an upward departure). Undersigned counsel believes that the percentage will be very high, because all of these people on the internet trade in the same general universe of images (in fact, that is how the government runs its software to identify "child pornography" files without even opening the files), such that it is inappropriate to detain Mr. Thayer on this basis.

Similarly, as the Court relied on the fact that Mr. Thayer engaged in this behavior of possessing/transporting child pornography for over a year, Order at 3, the defense asks that the government disclose to the Court what percentage of its cases involve a comparable period of time. Again, undersigned counsel believes that it is common for people who engage in this activity to do it for an extended period of time, and that a year is completely typical of cases that the government prosecutes.

The information that the defense asks the government to disclose is relevant to the Court's Order and cannot fairly or properly be presented by the defense.

Thank you for your consideration.

Very truly yours,

BARRY J. PORTMAN
Federal Public Defender
/S/

SHAWN HALBERT
Assistant Federal Public Defender

cc: U.S. Pretrial Services
AUSA Chinhayi Coleman