JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

CHINHAYI J. COLEMAN (CABN 194542)
Assistant United States Attorney

   1301 Clay Street, Suite 340-S
   Oakland, CA 94612
   Telephone: (510) 637-3924
   Facsimile: (501) 637-3724
   E-Mail: chinhayi.j.coleman@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 07-0812 DLJ |
|    Plaintiff, ) | **GOVERNMENT'S OPPOSITION TO APPEAL OF MAGISTRATE'S PRE-TRIAL DETENTION ORDER** |
|    v. ) | |
| RANDALL ALAN THAYER, ) | |
|    Defendant. ) | |

OPPOSITION TO APPEAL
CR 07-0812 DLJ

## I. INTRODUCTION

Plaintiff United States of America, by and through its counsel of record, hereby files this opposition to the defendant Randall Thayer's ("defendant's" or "Thayer's") appeal of Magistrate Judge Wayne D. Brazil's order denying pre-trial release. Defendant is charged in an indictment with one count of possession of child pornography, as well as with two counts of transportation of child pornography that are crimes of violence under federal law.

As a matter of law, defendant is presumed to be both a danger to the community and a flight risk, and has failed to present any facts which rebut those presumptions. Defendant must therefore be detained pending trial. Even if defendant can rebut the presumptions of danger and flight, the government has nonetheless demonstrated by clear and convincing evidence that defendant is a danger to the community. As more fully explained below, defendant should be detained pending trial because:

- Defendant possessed more than 1,500 images of child pornography, some of which included depictions of sadistic penetration of pre-pubescent children. Defendant distributed child pornography on multiple occasions, and these offenses against children span a period of approximately one year, reflecting a problem of appreciable duration and tenacity.

- Defendant engaged in an internet chat session in which he reported that he had stolen the underwear of the young daughter of his adult girlfriend and then had masturbated into it as he stood over her bed while she slept.

- Defendant possessed two pair of children's underwear in his bedroom, which is troubling in light of the nature of his collection that includes the penetration of pre-pubescent children, as well as in light of his report that he had previously masturbated to ejaculation in a pair of children's underwear;

- Defendant failed a polygraph examination in which the examiner asked Thayer if he had ever molested a child. Thayer denied ever having done so – a response deemed deceptive by the examination.

- No terms or conditions of release would reasonably assure the safety of the

OPPOSITION TO APPEAL
CR 07-0812 DLJ                                        1

1 community.

2 Thus, not only does the law presume that defendant is both a danger to the community
3 and a flight risk based on the instant charges, but the defendant's admission of previously
4 ejaculating into children's underwear, his actual possession of children's underwear in his
5 bedroom, his admission that he has previously masturbated to child pornography, and his failure
6 of a polygraph test when asked if he has ever touched a child for sexual gratification, show him
7 to be a danger to the community. Defendant must therefore be detained pending trial.

## II. FACTS AND PROCEDURAL HISTORY

### A. The Investigation and Defendant's Involvement in the Possession and Distribution of Child Pornography

#### 1. Defendant's Internet Chat and Distribution of Child Pornography

On March 24, 2006, an FBI undercover agent entered a chat room and sent several messages indicating he had pictures and video of young children to trade. The agent received an email communication from an individual using AOL screen name "Rodrigooak3530," which had one image attached that depicted a minor female with her genitalia exposed.

On April 25, 2006, an FBI undercover agent, while online, noticed "Rodrigooak3530" was also signed into AOL and initiated an instant message session with this individual. During the instant message session, this individual advised that he was a thirty-five-year-old male from California. During this instant message session "Rodrigooak3530" told the Special Agent that on several occasions he had snuck into the room of a twelve (12) year old female, who was the daughter of a former girlfriend, while the minor female was sleeping. "Rodrigooak3530" stated that he would "pull her panties down to look at her ass" and then he would masturbate into a pair of the child's underwear, which he stated he had previously stolen. During the instant message session with this individual, several exchanges were sent through e-mail between the undercover agent and "Rodrigooak3530." During one of these exchanges, "Rodrigooak3530" sent a video titled "8yoeatcum[2].mpg" which is approximately 38 seconds in length and depicts a young female child orally copulating an adult male. "Rodrigooak3530" also sent several images of

prepubescent females in different stages of undress and exhibiting their genitalia.

### 2. Defendant Admits that He Distributed Child Pornography

On April 3, 2007, the FBI searched Thayer's home pursuant to a federal search warrant. On April 3, 2007, Thayer was interviewed in conjunction with execution of the federal search warrant at his residence. In his statement, Thayer admitted that he "was aware when [he] spoke to the agents that [he] was doing so voluntarily." He wrote that "the agents advised that I was not under arrest or being detained in any way."

Thayer was shown printed out images of child pornography and asked to initial those he recognized as ones he had either sent or received by email. Thayer initialed images of child pornography that he had sent on April 25, 2006 to an undercover agent and on March 24, 2006 to another target of investigation. He wrote that he "recognized the images shown to [him] by the agents as being ones that he either received or emailed to others over the internet."

Thayer gave a handwritten statement in which he admitted that he has owned his computer, which he bought new, for approximately 2 years. He admitted that he is the only person who uses his computer. He admitted that he has "emailed images of child pornography to other individuals." He admitted that he uses the email address "Rodrigooak3530@aol.com."

### 3. Defendant Fails a Polygraph Asking If He Has Molested a Child

On April 3, 2008 Thayer agreed to undergo a polygraph examination. (Exhibit 1,[1] p.1) The focus of the examination was whether Thayer ever had sexual contact with a minor. Thayer was asked "have you ever had sexual contact with any child?" Thayer answered "no." Thayer was asked "have you ever touched any child for sexual gratification?" Thayer answered "no." The examination results revealed that Thayer's answers were deceptive. (Exhibit 1 pp. 11-2) When confronted with the results of the examination, Thayer admitted that he had in fact masturbated to child pornography. (Exhibit 1, p. 2)

---

[1] Attached as Exhibit 1 to this opposition is a polygraph report dated April 3, 2007.

OPPOSITION TO APPEAL
CR 07-0812 DLJ                            3

**4.     Defendant's Collection is Particularly Disturbing**

Thayer's collection contains particularly disturbing images, including the sexual abuse of extremely vulnerable victims.[2]  For example, the video "baby shi better.wmv" shows an approximately 2 year old girl penetrated from behind in a bathtub.  The video has sound, and the baby's cries are audible as she is forcibly penetrated with the grown man's penis.  The video "66.wmv" shows an approximately 2 year old girl receiving cunnilingus from a grown woman, followed by a man penetrating the toddler vaginally with his penis.

Thayer's collection also shows particularly violent sexual abuse of young children.  For example, "yng sex forc.jpg" is an image of a young child being anally penetrated by an adult male, while the adult male holds a gun to the child's head.  Additionally, the video "tied up.wmv" shows a prepubescent girl being penetrated while she is tied up with her legs spread apart.  The girl is first penetrated vaginally, then penetrated anally while her legs are tied apart. The image "YVY MatureCockinYoungAss.jpg" shows a prepubescent boy penetrated anally by a man.

**B.     Defendant's Detention Hearing and Order of Detention**

The Court conducted detention hearings in this matter on January 17, 2008 and on February 8, 2008.  In reaching its decision, the Court properly noted that the instant child pornography distribution charges create a presumption that if the defendant were released he would pose a danger to the community. (Order at p. 1)  After considering all information, the Court properly found, on clear and convincing evidence, that there are no terms and conditions on which Thayer could be released pending trial that would reasonably assure the safety of the community.  Consequently, the Court ordered Thayer detained.  The Court decision was correct, and should be affirmed.

---

[2]  Given the nature of the pornographic images and the provisions of the Adam Walsh Act, the images referenced in this opposition are not attached as exhibits to this public document.  The government, however, will provide the images to the Court for review if requested.

OPPOSITION TO APPEAL
CR 07-0812 DLJ                                   4

### III. DEFENDANT IS A DANGER TO THE COMMUNITY AND SHOULD BE DETAINED PENDING TRIAL

#### A. As a Matter of Law, Defendant is Presumed a Danger and a Flight Risk

The Bail Reform Act of 1984 ("the Act") permits pretrial detention of a defendant without bail where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Detention is appropriate where a defendant is either a danger to the community or a flight risk; it is not necessary to prove both. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985); *United States v. Kouyoumdjian*, 601 F. Supp. 1506, 1508-10 (C.D. Cal. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *Motamedi*, 767 F.2d at 1406.

In cases involving transportation of child pornography,[3] the Act established a rebuttable presumption that a defendant is both a flight risk and a danger to the community. 18 U.S.C. § 3142(e). That presumption exists if there is "probable cause" that the defendant distributed child pornography. 18 U.S.C. § 3142(e). A grand jury indictment, as returned in this case, establishes "probable cause" under 18 U.S.C. § 3142(e) and gives rise to the Act's presumptions. *United States v. Vargas*, 804 F.2d 157 (lst Cir. 1986); *United States v. Suppa*, 799 F.2d 115 (3d Cir. 1986); *United States v. Contreras*, 776 F.2d 51 (2d Cir. 1985). Once the presumption is triggered, the defendant has the burden of producing or proffering evidence to rebut the presumption. *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989); *United States v. King*, 849 F.2d 485, 488 (11th Cir. 1988).

If the defendant proffers evidence to rebut the presumption, the Ninth Circuit has identified several relevant statutory factors in determining whether pretrial detention is appropriate: (1) the nature and circumstances of the offense charged; (2) the weight of the

---

[3] Distribution of child pornography under 18 U.S.C. § 2252(a)(1) constitutes a crime of violence. *See* 18 U.S.C. § 3156(a)(4).

OPPOSITION TO APPEAL
CR 07-0812 DLJ                          5

evidence against defendant; (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755 (9th Cir. 1986); *Motamedi*, 767 F.2d at 1407.

Congress intended that the statutory presumptions would have a practical effect, and the presumptions do not disappear when a defendant meets his or her burden of producing rebuttal evidence. *United States v. Perez-Franco*, 839 F.2d 867, 870 (1st Cir. 1986); *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). The presumptions remain in the case as evidentiary findings militating against release, to be weighed along with other evidence relevant to the factors listed in Section 3142(g). *Dominguez*, 783 F.2d at 707. Indeed, the Act's presumption should be added as a significant factor that supports pretrial detention under both rationales for detention. *See Perez-Franco*, 839 F.2d at 870 (presumption a factor militating against release); *United States v. Cook*, 880 F.2d 1158, 1160 (10th Cir. 1989)(same).

### B. Defendant Has Not Rebutted the Presumption that He Is a Danger to the Community

Defendant has presented no facts which are sufficient to rebut the legal presumption that he is a danger to the community. The only facts presented by defendant thus far are a lack of criminal history, steady employment history, and family ties. These facts do not rebut the presumption of danger. Even if these facts did rebut the presumptions that defendant is a danger, the statutory factors contained in 18 U.S.C. § 3142(g) clearly establish that he is a danger and should be detained pending trial.

///
///
///
///
///

OPPOSITION TO APPEAL
CR 07-0812 DLJ                    6

C.     **Statutory Factors Requiring Detention**

   1.     **Nature and Circumstances of the Offense Charged (18 U.S.C. § 3142(g)(1))**

This factor weighs heavily in favor of detention. The grand jury has indicted defendant on two counts of distribution and one count of possessing child pornography. The Court noted that the three counts span a period of one year (from March 2006 through April 2007), which reflects a problem of appreciable duration and tenacity. (Order at pp. 1-2) The Court properly concluded that there is no reason to believe that the offense conduct was isolated or aberrational. (Order at p. 2) The Court also properly noted the that the defendant's collection contained 1,500 images of child pornography and over 100 videos of child pornography, including depictions of sadistic penetration of pre-pubescent children. (Order at p. 2) The disturbing and voluminous character of Thayer's collection as described more fully above on page 4 also demonstrates the seriousness of the circumstances of the charged offenses. The serious nature of the charges and the surrounding circumstances show that defendant is a danger to the community.

   2.     **Weight of the Evidence Against Defendant (18 U.S.C. § 3142(g)(2))**

The evidence against defendant is extremely strong. As detailed above, he has admitted to distributing and possessing child pornography. Thus, the weight of the evidence shows defendant to be a danger to the community. As children are some of the most vulnerable members of the community, the danger posed by Thayer is particularly troubling.

   3.     **Defendant's History and Characteristics (18 U.S.C. § 3142(g)(3)(A))**

Defendant's history and characteristics way heavily in favor of detention. The Court properly noted that before the authorities conducted the search in this case, a federal agent had communicated with Thayer through an internet chat room. (Order at p. 2) In one of these chats, Thayer reported that at some point he had stolen the underwear of a young girl and then had masturbated to ejaculation into the panties as he stood over her bed while she slept. (Order at p. 2) In the chat, Thayer reported "sometimes when she was asleep I would pull her panties down

1  to look at her ass." (Exhibit 2,[4] p. 3)  Regarding his touching of a child, he stated in the chat,
2  "sometimes she had pjs on and they slipped down easy underwear were harder."  Thayer claimed
3  that he would "look at her little ass and jack off . . . right there in her panties I took earlier."
4  (Exhibit 2, p. 3)  The defendant now claims that the chat involved fantasy only.  In response to an
5  inquiry during the chat as to whether Thayer was fantasizing, he responded that he was serious.
6  (Exhibit 2, pp. 2-3)

7       The Court also noted that when the search was conducted at Thayer's home, the agents
8  found a pair of boy's underwear in Mr. Thayer's home.  (Order at p. 2)  The presence of this
9  children's underwear in Mr. Thayer's home is troubling in light of his claim to have masturbated
10 into the panties of a child while standing over a child as she slept.  The defendant claims that the
11 underwear belongs to his now adult son.  However, the underwear size fits a boy of 6 to 8 years
12 old.  The underwear was not found among old clothes, or among clothes to be donated or
13 discarded.  The underwear was not found two levels down from the defendant's bedroom in the
14 area where the now adult son lives.  The children's underwear was found in the defendant's
15 bedroom, located in a dresser accessible to the defendant.  The presence of children's underwear
16 in the context of the present charges, and taken together with the defendant's claim to have
17 masturbated into a pair of children's underwear is troubling.

18      The Court also properly noted that the defendant failed a polygraph examination.  (Order
19 at p. 3)  The polygraph examiner asked Thayer if he had ever molested a child.  Thayer denied
20 doing so – but, the results show that his answer was deceptive.  (Order, p. 3; Exhibit 1, pp.1-2)  It
21 is well settled that the Federal Rules of Evidence do not apply at detention hearings.  *See* 18
22 U.S.C. § 3142(f).  Thus, evidence that is not admissible at trial may be used in a detention
23 hearing.  *See U.S. v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986).

24      The Court also properly noted instances of dishonesty on the part of the defendant,
25 including his untruthful statements to a Pretrial Services officer about his drug use, about how
26 many children he has fathered, and about property in which he has an interest.  (Order, pp. 3-4)

---

28    [4]   The internet chats by Thayer in this case are attached to this opposition as Exhibit 2.

OPPOSITION TO APPEAL
CR 07-0812 DLJ                                                8

### 4. **Defendant Poses a Serious Danger to the Community if Released**

As demonstrated by the defendant's admitted masturbation to child pornography, his claims in an internet chat session to have masturbated to ejaculation in a pair of children's underwear, the presence of children's underwear in his bedroom, his failure of a polygraph test regarding whether he had ever molested a child, and the seriousness of the offense in this case, defendant has demonstrated that he poses a serious risk to the community's most vulnerable victims – children. Magistrate Judge Brazil's detention order should be affirmed.

## IV. CONCLUSION

The government respectfully requests that this Court affirm Magistrate Judge Brazil's detention order.

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: August 8, 2008                              /s/
CHINHAYI J. COLEMAN
Assistant United States Attorney

OPPOSITION TO APPEAL
CR 07-0812 DLJ                    9