JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

CHINHAYI J. COLEMAN (CABN 194542)
Assistant United States Attorney

   1301 Clay Street, Suite 340-S
   Oakland, CA 94612
   Telephone: (510) 637-3924
   Facsimile: (501) 637-3724
   E-Mail: chinhayi.j.coleman@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>RANDALL ALAN THAYER,<br><br>    Defendant. | No. CR 07-0812 DLJ<br><br>**GOVERNMENT'S SUPPLEMENTAL BRIEFING IN OPPOSITION TO APPEAL OF MAGISTRATE'S PRE-TRIAL DETENTION ORDER** |

GOVERNMENT'S SUPPLEMENTAL BRIEFING IN OPPOSITION TO APPEAL
CR 07-0812 DLJ

## I. INTRODUCTION

On August 8, 2008, the United States filed its opposition to defendant Randall Thayer's ("Defendant's" or "Thayer's") appeal of Magistrate Judge Wayne D. Brazil's order denying pre-trial release. In its opposition, the government established that Defendant must be detained pending trial because the law presumes that he is both a danger to the community and a flight risk based on his transportation of child pornography charges, and that his admission of previously ejaculating into children's underwear, his actual possession of children's underwear in his bedroom, his admission that he has previously masturbated to child pornography, and his failure of a polygraph test when asked if he has ever touched a child for sexual gratification, show him to be a danger to the community.

The government submits the present brief to bring the Court's and the parties' attention to additional legal authority supporting the order to detain Defendant, namely *U.S. v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

## II. SUPPLEMENTAL ARGUMENT

Defendant in the present case is subject to a rebuttable presumption of detention under 18 U.S.C. § 3142. He has done nothing to rebut that presumption except to argue that he has no criminal history, and to argue that there's insufficient proof that he's ever taken any action towards molesting a child or acting on his fantasies. Defendant's argument does not rebut the presumption of detention. In fact, in *U.S. v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008), the Ninth Circuit stated that a defendant's evidence rebutting the presumption does not erase the presumption. The presumption remains as an evidentiary finding militating against release, and the presumption should be weighed along with other evidence relevant to the factors under 3142(g). In *Hir*, the defendant argued that the district court erred in finding that he posed a danger to the community despite the fact that he had no prior criminal or violent history. *See id.* at 1090. The Court of Appeals stated that the dangerousness of the offense with which Hir was charged (terrorism), the weight of evidence, and the potential harm Hir could cause if released outweighed his positive personal attributes (lack of criminal history, family ties). *See id.* at 1091.

GOVERNMENT'S SUPPLEMENTAL BRIEFING IN OPPOSITION TO APPEAL
CR 07-0812 DLJ                                           1

Similarly, in the present case, Thayer's transmissions of child pornography are very serious offenses. The weight of the evidence is strong, and the potential of child molestation Thayer could commit while on release is extremely dangerous. Moreover, his personal history is not unblemished. As noted in Magistrate Judge Brazil's detention order, there's quite a bit of evidence that Thayer has been untruthful, has abused substances, and has taken steps towards child molestation (e.g., the failed lie detector test, the children's underwear found in his room, and his internet chat about a 12 year old girl). Thayer's untrustworthiness defeats the effectiveness of any set of conditions of release, since they basically all rely on his good-faith compliance. *See id.* at 1093. This in combination with the presumption mean that Thayer must be detained.

## IV.  CONCLUSION

For the reasons set forth in the government's August 8, 2008 opposition and above, the United States respectfully requests that this Court affirm Magistrate Judge Brazil's detention order.

JOSEPH P. RUSSONIELLO
United States Attorney

Dated:  August 14, 2008                              /s/
CHINHAYI J. COLEMAN
Assistant United States Attorney

GOVERNMENT'S SUPPLEMENTAL BRIEFING IN OPPOSITION TO APPEAL
CR 07-0812 DLJ                                                 2